EXHIBIT A

STATE COURT DOCUMENTS

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NUMBER: 2022-CP-08-_____ |
| ) | |
| ) | |
| Gladys Nicole Pierce ) | |
| ) | **SUMMONS** |
| Plaintiff, ) | (Automobile Collision – Negligence) |
| ) | (Jury Trial Requested) |
| vs. ) | |
| ) | |
| Rogelio Arreguin and Brentwood ) | |
| Farms, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to appear and defend the action(s) set forth in the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer or Motion to the said Complaint on the Joye Law Firm at 5861 Rivers Avenue North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to appear and defend within the time aforesaid, judgment by default will be entered against you for the relief demanded in the Complaint.

JOYE LAW FIRM, L.L.P.

By:  s/Ran Stoney
Randell C. Stoney III
SC Bar No: 78683
5861 Rivers Avenue
North Charleston, SC 29406
Office: 843-554-3100
Fax: 843-529-9180
ranstoney@joyelawfirm.com

*Attorney for the Plaintiffs*

North Charleston, South Carolina
This 10th day of October 2022.

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NUMBER: 2022-CP-08-_____ |
| ) | |
| Gladys Nicole Pierce ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | (Automobile Collision – Negligence) |
| ) | (Jury Trial Requested) |
| vs. ) | |
| ) | |
| Rogelio Arreguin and Brentwood ) | |
| Farms, LLC ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, complaining of the Defendants above-named, hereby alleges and pleads as follows:

1.    Plaintiff is a resident of Berkeley County, South Carolina.

2.    Defendant Rogelio Arreguin ("Defendant Arreguin") is, upon information and belief, a resident of Union County, North Carolina.

3.    Defendant Brentwood Farms, LLC ("Defendant Brentwood") is, upon information and belief, a corporation existing under the laws of the State of North Carolina, and is doing business across the state of South Carolina, including but not limited to Berkeley County.

4.    The motor vehicle accident giving rise to this action occurred in Berkeley County, South Carolina.

5.    This Court has jurisdiction pursuant to S.C. Code Ann. § 36-2-802, and venue is proper pursuant to S.C. Code Ann. § 15-7-30.

6.    At all relevant times hereto, Defendant Arreguin was an officer, director, agent, and/or employee of Defendant Brentwood, and was acting within the scope of his employment and/or work with Defendant Brentwood.

1

7. At all times relevant hereto, Defendant Brentwood was the employer and/or principal of Defendant Arreguin and exercised control over the conduct of Defendant Arreguin and had the right to control the time, manner, method, and performance of Defendant Arreguin' employment and/or work.

8. At all times relevant hereto, Defendant Arreguin was driving a truck owned by Defendant Brentwood and Defendant Arreguin was operating said truck within the line and scope of his employment with Defendant Brentwood.

9. That on October 20, 2020, Plaintiff was operating a vehicle that was lawfully traveling west on US 176 in Berkeley County.

10. At the same time and place, Defendant Arreguin, driving the truck owned by Defendant Brentwood and driving the opposite direction on US 176 failed to yield the right of way when attempting to turn left across Plaintiff's lane of travel.

11. Plaintiff was unable to stop her vehicle and struck Defendant's vehicle at a significant rate of speed, causing severe damage and significant injury to Plaintiff.

12. At all times material hereto, Plaintiff conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused Plaintiff to sustain serious bodily injury.

**For a First Cause of Action Against Defendant Rogelio Arreguin**
(Negligence)

13. Plaintiff realleges and reiterates the allegations contained in Paragraphs 1 through 12 above as if set forth herein verbatim.

14. Defendant Arreguin owed a duty to Plaintiff and other motorists on the road to operate his vehicle safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

15. At the time of the subject collision, Defendant Arreguin was driving the vehicle in a reckless, willful, and/or wanton manner.

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

16. Defendant Arreguin was negligent, willful, wanton, and reckless and breached the duties he owed to Plaintiff and other members of the community in one or more of the following ways:

    (a)    In failing to abide by the basic rules of the road;

    (b)    In failing to maintain control of the vehicle;

    (c)    In failing to maintain a proper lookout;

    (d)    In failing to yield the right of way;

    (e)    In failing to have properly working brakes;

    (f)    In failing to properly apply the brakes on the vehicle;

    (g)    In failing to obey traffic laws;

    (h)    In failing to pay attention to his driving; and

    (i)    In failing to act as a reasonable and prudent driver would act under the same or similar circumstances.

    (j)    Violating various laws, statues, codes, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendant's conduct and constituting negligence *per se*, recklessness, and subjecting Defendant to punitive damages;

    (k)    Otherwise, operating vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

17. Defendant Arreguin' negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the October 20, 2020, collision described herein.

18. As a direct and proximate cause of the negligence and negligence per se of Defendant Arreguin, Plaintiff sustained severe and debilitating physical and emotional injuries and pain and suffering.

19. As a direct and proximate cause of Defendant's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

20. That Plaintiff is entitled to judgment against Defendants for her above-described injuries and for actual and punitive damages in an amount to be determined by a jury.

**For a Second Cause of Action Against Defendant Brentwood Farms, LLC**
(Doctrines of *Respondeat Superior* and Agency)

21. Plaintiffs reallege and reiterate the allegations contained in Paragraphs 1 through 20 above as if set forth verbatim herein.

22. Defendant Brentwood is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful, and wanton conduct of its employee and/or agent, Defendant Arreguin, such conduct consisting of one or more of the particulars described herein.

**For a Third Cause of Action Against Defendant Brentwood Farms LLC**
(Negligence)

23. Plaintiff reallege and reiterate the allegations contained in Paragraphs 1 through 22 above as if set forth herein verbatim.

24. Defendant Brentwood owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, training, retention, and supervision of its employees and agents, and in the entrustment of vehicles to its employees and agents, including Defendant Arreguin.

25. At all times relevant hereto, Defendant Brentwood was negligent, willful, wanton, careless, and reckless in one or more of the following ways:

    (a) In the training, hiring, retention, and supervision of its employees and agents, including Defendant Arreguin;

    (b) In having knowledge of Defendant Arreguin's incompetence to operate a company motor vehicle, and negligently entrusting the subject vehicle to Defendant Arreguin;

4

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

  (c) In failing to train its agents and employees, including Defendant Arreguin, on the proper operation of a motor vehicle;

  (d) In failing to adopt procedures for the safe operation of its motor vehicles; and

  (e) In failing to act as a reasonable and prudent person and/or entity would act under the same or similar circumstances.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff alleged herein.

26. Defendant Brentwood's negligent, willful, wanton, and reckless conduct and breach of the duties owed to the Plaintiff were the direct and proximate cause of the October 20, 2020, collision described herein.

27. As a direct and proximate cause of the negligence and negligence per se of Defendant Brentwood, Plaintiff sustained severe and debilitating physical and emotional injuries and pain and suffering.

28. As a direct and proximate cause of Defendant's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

29. That Plaintiff is entitled to judgement against Defendants for her above-described injuries and for actual and punitive damages in an amount to be determined by a jury.

**WHEREFORE,** Plaintiff demands judgment against Defendants for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, future physical and mental pain and suffering, permanent injuries/impairment and disfigurement, mental, emotional, property damage and psychological damage, loss of enjoyment of life, lost wages, diminished earning capacity, for the costs of this action, and for any additional relief this Court

ELECTRONICALLY FILED - 2022 Oct 10 4:10 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

deems just and proper.

                                    JOYE LAW FIRM, L.L.P.

                  By:    s/Ran Stoney
                           Randell C. Stoney III
                           SC Bar No.: 78683
                           5861 Rivers Avenue
                           North Charleston, SC 29406
                           Office:  843-554-3100
                           Fax:  843-529-9180
                           ranstoney@joyelawfirm.com

                           *Attorney for the Plaintiffs*

North Charleston, South Carolina.
This 10th day of October 2020.

6

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NUMBER: 2022-CP-08-02436 |
| ) | |
| ) | |
| Gladys Nicole Pierce ) | |
| ) | **AMENDED SUMMONS** |
| Plaintiff, ) | (Automobile Collision – Negligence) |
| ) | (Jury Trial Requested) |
| vs. ) | |
| ) | |
| Rogelio Arreguin and Bentwood ) | |
| Farms, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to appear and defend the action(s) set forth in the Complaint herein, a copy of which is served upon you, and to serve a copy of your Answer or Motion to the said Complaint on the Joye Law Firm at 5861 Rivers Avenue North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to appear and defend within the time aforesaid, judgment by default will be entered against you for the relief demanded in the Complaint.

JOYE LAW FIRM, L.L.P.

By:  s/Ran Stoney
Randell C. Stoney III
SC Bar No: 78683
5861 Rivers Avenue
North Charleston, SC 29406
Office: 843-554-3100
Fax: 843-529-9180
ranstoney@joyelawfirm.com

*Attorney for the Plaintiff*

North Charleston, South Carolina
This 19th day of October 2022.

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY ) | CASE NUMBER: 2022-CP-08-02436 |
| ) | |
| ) | |
| Gladys Nicole Pierce ) | |
| ) | **AMENDED COMPLAINT** |
| Plaintiff, ) | (Automobile Collision – Negligence) |
| ) | (Jury Trial Requested) |
| vs. ) | |
| ) | |
| Rogelio Arreguin and Bentwood ) | |
| Farms, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, complaining of the Defendants above-named, hereby alleges and pleads as follows:

1. Plaintiff is a resident of Berkeley County, South Carolina.

2. Defendant Rogelio Arreguin ("Defendant Arreguin") is, upon information and belief, a resident of Union County, North Carolina.

3. Defendant Bentwood Farms, LLC ("Defendant Bentwood") is, upon information and belief, a corporation existing under the laws of the State of North Carolina, and is doing business across the state of South Carolina, including but not limited to Berkeley County, with a registered agent in Newberry, South Carolina.

4. The motor vehicle accident giving rise to this action occurred in Berkeley County, South Carolina.

5. This Court has jurisdiction pursuant to S.C. Code Ann. § 36-2-802, and venue is proper pursuant to S.C. Code Ann. § 15-7-30.

6. At all relevant times hereto, Defendant Arreguin was an officer, director, agent, and/or employee of Defendant Bentwood, and was acting within the scope of his employment

1

and/or work with Defendant Bentwood.

7. At all times relevant hereto, Defendant Bentwood was the employer and/or principal of Defendant Arreguin and exercised control over the conduct of Defendant Arreguin and had the right to control the time, manner, method, and performance of Defendant Arreguin's employment and/or work.

8. At all times relevant hereto, Defendant Arreguin was driving a truck owned by Defendant Bentwood and Defendant Arreguin was operating said truck within the line and scope of his employment with Defendant Bentwood.

9. That on October 20, 2020, Plaintiff was operating a vehicle that was lawfully traveling west on US 176 in Berkeley County.

10. At the same time and place, Defendant Arreguin, driving the truck owned by Defendant Bentwood and driving the opposite direction on US 176 failed to yield the right of way when attempting to turn left across Plaintiff's lane of travel.

11. Plaintiff was unable to stop her vehicle and struck Defendant's vehicle at a significant rate of speed, causing severe damage and significant injury to Plaintiff.

12. At all times material hereto, Plaintiff conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused Plaintiff to sustain serious bodily injury.

### For a First Cause of Action Against Defendant Rogelio Arreguin
(Negligence)

13. Plaintiff realleges and reiterates the allegations contained in Paragraphs 1 through 12 above as if set forth herein verbatim.

14. Defendant Arreguin owed a duty to Plaintiff and other motorists on the road to operate his vehicle safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

15. At the time of the subject collision, Defendant Arreguin was driving the vehicle in

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

a reckless, willful, and/or wanton manner.

16. Defendant Arreguin was negligent, willful, wanton, and reckless and breached the duties he owed to Plaintiff and other members of the community in one or more of the following ways:

    (a)    In failing to abide by the basic rules of the road;

    (b)    In failing to maintain control of the vehicle;

    (c)    In failing to maintain a proper lookout;

    (d)    In failing to yield the right of way;

    (e)    In failing to have properly working brakes;

    (f)    In failing to properly apply the brakes on the vehicle;

    (g)    In failing to obey traffic laws;

    (h)    In failing to pay attention to his driving; and

    (i)    In failing to act as a reasonable and prudent driver would act under the same or similar circumstances.

    (j)    Violating various laws, statues, codes, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendant's conduct and constituting negligence *per se*, recklessness, and subjecting Defendant to punitive damages;

    (k)    Otherwise, operating vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

17. Defendant Arreguin's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the October 20, 2020, collision described herein.

18. As a direct and proximate cause of the negligence and negligence per se of Defendant Arreguin, Plaintiff sustained severe and debilitating physical and emotional injuries and pain and suffering.

19. As a direct and proximate cause of Defendant's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the

3

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

20.     That Plaintiff is entitled to judgment against Defendants for her above-described injuries and for actual and punitive damages in an amount to be determined by a jury.

### For a Second Cause of Action Against Defendant Bentwood Farms, LLC
(Doctrines of *Respondeat Superior* and Agency)

21.     Plaintiffs reallege and reiterate the allegations contained in Paragraphs 1 through 20 above as if set forth verbatim herein.

22.     Defendant Bentwood is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful, and wanton conduct of its employee and/or agent, Defendant Arreguin, such conduct consisting of one or more of the particulars described herein.

### For a Third Cause of Action Against Defendant Bentwood Farms LLC
(Negligence)

23.     Plaintiff reallege and reiterate the allegations contained in Paragraphs 1 through 22 above as if set forth herein verbatim.

24.     Defendant Bentwood owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, training, retention, and supervision of its employees and agents, and in the entrustment of vehicles to its employees and agents, including Defendant Arreguin.

25.     At all times relevant hereto, Defendant Bentwood was negligent, willful, wanton, careless, and reckless in one or more of the following ways:

    (a)     In the training, hiring, retention, and supervision of its employees and agents, including Defendant Arreguin;

    (b)     In having knowledge of Defendant Arreguin's incompetence to operate a

4

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

            company motor vehicle, and negligently entrusting the subject vehicle to Defendant Arreguin;

(c)     In failing to train its agents and employees, including Defendant Arreguin, on the proper operation of a motor vehicle;

(d)     In failing to adopt procedures for the safe operation of its motor vehicles; and

(e)     In failing to act as a reasonable and prudent person and/or entity would act under the same or similar circumstances.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff alleged herein.

26.     Defendant Bentwood's negligent, willful, wanton, and reckless conduct and breach of the duties owed to the Plaintiff were the direct and proximate cause of the October 20, 2020, collision described herein.

27.     As a direct and proximate cause of the negligence and negligence per se of Defendant Bentwood, Plaintiff sustained severe and debilitating physical and emotional injuries and pain and suffering.

28.     As a direct and proximate cause of Defendant's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, and loss of enjoyment of life.

29.     That Plaintiff is entitled to judgement against Defendants for her above-described injuries and for actual and punitive damages in an amount to be determined by a jury.

**WHEREFORE,** Plaintiff demands judgment against Defendants for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, future physical and mental pain and suffering, permanent injuries/impairment and disfigurement, mental, emotional, property damage and psychological damage, loss of enjoyment of life, lost wages,

5

ELECTRONICALLY FILED - 2022 Oct 20 9:59 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

diminished earning capacity, for the costs of this action, and for any additional relief this Court deems just and proper.

                              JOYE LAW FIRM, L.L.P.

By:    s/Ran Stoney
         Randell C. Stoney III
         SC Bar No.: 78683
         5861 Rivers Avenue
         North Charleston, SC 29406
         Office:  843-554-3100
         Fax:  843-529-9180
         ranstoney@joyelawfirm.com

*Attorney for the Plaintiff*

North Charleston, South Carolina.
This 19th day of October 2020.

6

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | CASE NO.: 2022-CP-08-02436 |
| Gladys Nicole Pierce, | |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | |
| Rogelio Arreguin and Bentwood Farms, LLC, | |
| Defendants. | |

This is to certify that on October 25, 2022, Summons and Complaint were deposited in the mail, first-class, certified-return receipt requested, and properly addressed with postage prepaid to the South Carolina Department of Motor Vehicles, agent of service for nonresident Defendant Rogelio Arreguin, and that the same was accepted by the South Carolina Department of Motor Vehicles on November 1, 2022, as is evidenced by the attached letter from the South Carolina Department of Vehicles attached as Exhibit A.

**JOYE LAW FIRM, L.L.P.**

By:  s/ *Ran Stoney*_____
Randell C. Stoney III (SC Bar#78683)
Post Office Box 62888
5861 Rivers Avenue (29406)
North Charleston, SC 29419
Office:  843-554-3100
Facsimile:  843-529-9180
ranstoney@joyelawfirm.com

Attorney for the Plaintiff

North Charleston, SC
This 4th day of November, 2022

1



# S. C. DEPARTMENT OF MOTOR VEHICLES
OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901*

November 1, 2022                    **USPS Tracking # 7022 2410 0003 1685 2278**

Rogelio Arreguin
605 Canary Court
Wingate, NC 28174

**Re:** *Gladys Nicole Pierce v. Rogelio Arreguin and Bentwood Farms, LLC.*
      **Case No 2022-CP-08-02436, DMV 22-461**

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Amended Summons and Amended Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or through an agent, lessee, or employee, of a motor vehicle on the public highways

of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:   Ran Stoney, Esquire
      5861 Rivers Avenue
      North Charleston, SC 29406

ELECTRONICALLY FILED - 2022 Nov 04 1:35 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

# AFFIDAVIT OF SERVICE

**State of South Carolina**     **County of Berkeley**     **Common Pleas Court**

Case Number: 2022-CP-08-02436

Plaintiff:
**Gladys Nicole Pierce**
vs.
Defendant:
**Rogelio Arreguin and Bentwood Farms, LLC**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Bentwood Farms, LLC, 1207 Friend Street, Newberry, SC 29108.** I, _Jennifer Lovell_, being duly sworn, depose and say that on the _31_ day of _Oct_, 20_22_ at _2:11_ p.m., executed service by delivering a true copy of the **LETTER, AMENDED SUMMONS and AMENDED COMPLAINT** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as _____.

( ) GOVERNMENT AGENCY: By serving _____ as _____ of the within named agency.

(X) NON SERVICE: For the reason detailed in the Comments below.
COMMENTS: _Office Building is vacant._

Age ____ Sex M F  Race _____ Height _____ Weight _____ Hair _____ Glasses Y N

Is the place of service the dwelling house or usual place of abode for the party being served? ( ) Yes ( ) No

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _1_ day of _November_, _2022_ by the affiant who is personally known to me.

NOTARY PUBLIC
My Commission Expires: _November 17, 2030_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: 2022006682

*Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k*

ELECTRONICALLY FILED - 2022 Nov 16 11:57 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802436

## AFFIDAVIT OF SERVICE

**State of South Carolina**     **County of Berkeley**     **Common Pleas Court**

Case Number: 2022-CP-08-02436

Plaintiff:
**Gladys Nicole Pierce**
vs.
Defendant:
**Rogelio Arreguin and Bentwood Farms, LLC**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Bentwood Farms, LLC, 1207 Friend Street, Newberry, SC 29108.** I, _Jennifer Lovell_, being duly sworn, depose and say that on the _31_ day of _Oct_, 20_22_ at _2:11_ _p_.m., executed service by delivering a true copy of the **LETTER, AMENDED SUMMONS and AMENDED COMPLAINT** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as _____.

( ) GOVERNMENT AGENCY: By serving _____ as _____ of the within named agency.

(X) NON SERVICE: For the reason detailed in the Comments below.
COMMENTS: _Office Building is vacant._

Age ____ Sex M F  Race ____ Height ____ Weight ____ Hair ____ Glasses Y N

Is the place of service the dwelling house or usual place of abode for the party being served? ( ) Yes ( ) No

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _1_ day of _November_, _2022_ by the affiant who is personally known to me.

NOTARY PUBLIC
My Commission Expires: _November 17, 2030_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: 2022006682

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k